1   KARLA J. KRAFT (SB# 205530)
    Email: kkraft@hbwllp.com
2   ASHLEY E. MERLO (SB# 247997)
    Email: amerlo@hbwllp.com
3   HODEL BRIGGS WINTER LLP
    8105 Irvine Center Drive, Suite 1400
4   Irvine, California 92618
    Telephone: (949) 450-8040
5   Facsimile: (949) 450-8033

6   Tim T. Xia* *(Motion for pro hac vice forthcoming)*
    Georgia Bar No. 779609
7   Email: txia@mmmlaw.com
    Robert P. Alpert* *(Motion for pro hac vice forthcoming)*
8   Georgia Bar No. 464550
    Email: ralpert@mmmlaw.com
9   Shannon A. McNulty* *(Motion for pro hac vice forthcoming)*
    Georgia Bar No. 463103
10  Email: smcnulty@mmmlaw.com
    MORRIS, MANNING & MARTIN, LLP
11  1600 Atlanta Financial Center
    3343 Peachtree Road, N.E.
12  Atlanta, Georgia 30326
    Telephone: (404) 233-7000
    Facsimile: (404) 365-9532
13

14  Attorneys for Defendant
    GEMTEK TECHNOLOGY CO., LTD.

15

16                  UNITED STATES DISTRICT COURT

17                  CENTRAL DISTRICT OF CALIFORNIA

18

19   VIZIO, INC., a California corporation,        CASE NO.: **SACV13-00160 JST (RNBx)**

20              Plaintiff,

21        vs.

22   GEMTEK TECHNOLOGY CO.,                         **DEFENDANT GEMTEK**
     LTD., a Taiwan corporation; and               **TECHNOLOGY CO. LTD.'S**
23   DOES 1 to 10,                                  **NOTICE OF REMOVAL,**
                                                    **SUPPORTING DECLARATION OF**
24              Defendants.                         **LAWRENCE HUNG, AND**
                                                    **EXHIBITS A-H**
25

26

27

28

1    PLEASE TAKE NOTICE that defendant Gemtek Technology Co., Ltd.

2   ("Gemtek") hereby removes the above-captioned action from the Superior Court of

3   the State of California for the County of Orange, to the United States District Court

4   for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and

5   1446, stating as follows:

6   **I.    Preliminary Statement**

7        1.    This Court has original diversity jurisdiction under 28 U.S.C. §

8   1332(a)(2) because this action is between a citizen of a State and a citizen of a

9   foreign state.  Specifically, plaintiff is a citizen of California and Gemtek is a

10   citizen of Taiwan.  Further, based upon plaintiff's allegations, the amount in

11   controversy exceeds $75,000.  Accordingly, federal jurisdiction is proper under 28

12   U.S.C. § 1332(a)(2).

13   **II.    Removal Is Proper Because This Court Has Subject-Matter Jurisdiction.**

14        2.    Removal is proper because this Court has original jurisdiction of this

15   action under 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1441.  28 U.S.C. § 1332(a)(2)

16   provides that "the district courts shall have original jurisdiction of all civil actions

17   where the matter in controversy exceeds the sum or value of $75,000, exclusive of

18   interest and costs, and is between . . . citizens of a State and citizens or subjects of a

19   foreign state . . . ."

20        **A.    Diversity of Citizenship Is Satisfied.**

21        3.    Plaintiff is, and has been at all times during the pendency of this

22   action, a corporation organized and existing under the laws of the State of

23   California whose principal place of business is in Irvine, California.  (Compl. ¶ 5.)

24   Thus, plaintiff is a citizen of California for purposes of determining diversity.  *See*

25   28 U.S.C. § 1332(c)(1).

26        4.    Gemtek is a corporation organized under the laws of Taiwan, R.O.C.,

27   whose principal place of business if Hsinchu, Taiwan.  (Compl. ¶ 6.)  Thus, Gemtek

28

1  is a citizen of a foreign state for purposes of determining diversity.  *See* 28 U.S.C. §

2  1332(c)(1).

3       5.     Because plaintiff is a citizen of California and Gemtek is a citizen of

4  Taiwan, a foreign state, the diversity requirement is satisfied.  *See* 28 U.S.C. §

5  1332(a)(2).

6       **B.     The Amount in Controversy Requirement Is Satisfied.**

7       6.     28 U.S.C. § 1332(a) provides that district courts shall have original

8  jurisdiction over all civil actions "where the matter in controversy exceeds the sum

9  or value of $75,000, exclusive of interest and costs . . . ."

10      7.     In a case such as this, where the complaint fails to specify the amount

11  of damages sought, "the removing defendant bears the burden of proving by a

12  preponderance of evidence that the amount in controversy exceeds $[75],000."

13  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Further, "[w]hen the

14  amount is not facially apparent from the complaint, the court may consider facts in

15  the removal petition, and may require the parties to submit summary-judgment-type

16  evidence relevant to the amount in controversy at the time of removal."  *Id.*

17      8.     Plaintiff's claims arise from a supply agreement (the "Agreement")

18  that the parties executed in November 2009.  (Compl. ¶ 11.)  Specifically, plaintiff

19  alleges that, among other things, it was damaged by Gemtek's alleged breach of the

20  Agreement.  (Compl. ¶¶ 32, 42, 48.)  As a result of Gemtek's alleged breach,

21  plaintiff claims that it suffered "monetary injury and/or other damages" and

22  incurred "substantial and reasonable costs."  (Compl. ¶¶ 32, 40, 48.)

23      9.     According to plaintiff, it has been damaged in the amount of

24  $732,148.10.  *See* Demand Letter dated October 5, 2012, demanding payment and

25  attaching a summary of the amounts allegedly owed to plaintiff.  This demand letter

26  is attached as **Exhibit A** to the Declaration of Lawrence Hung.

27

28

10.     Given the amount of damages alleged by plaintiff in its demand letter, as well as the allegations set forth in the complaint, it is clear that the amount in controversy exceeds $75,000.

**III.     Gemtek Has Satisfied The Procedural Requirements For Removal.**

11.     On or about October 9, 2012, plaintiff filed this action styled *Vizio, Inc. v. Gemtek Technology Co., Ltd., et al.*, Case No. 30-2012-00603856-CU-BC-CJC, in the Superior Court of the State of California for the County of Orange (the "State Court Action").

12.     Gemtek accepted service on January 16, 2013.  See **Exhibit B** (Notice and Acknowledgment); Cal. Code Civ. Proc. § 415.30(c) (service of summons deemed complete on date that written acknowledgment of receipt of summons is executed).

13.     Therefore, Gemtek timely filed this Notice of Removal pursuant to 28 U.S.C. § 1446(b) because it was filed within thirty days after service of the Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (finding that the thirty-day time limit to file a notice of removal under 28 U.S.C. § 1446 begins to run when the defendant has been properly served).

14.     Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) because this district embraces the place where the State Court Action was originally pending (Orange County, California).

15.     Pursuant to 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind on file in the State Court Action as of the date of filing this Notice are attached hereto as follows:

(a)     Complaint for (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; and (3) Unjust Enrichment And Demand for Jury Trial, **Exhibit C**;

7835740 v01

1        (b)     Summons, **Exhibit D**;

2        (c)     Civil Case Cover Sheet, **Exhibit E**;

3        (d)     Notice of Case Assignment, **Exhibit F**;

4        (e)     Notice of Hearing, **Exhibit G**; and

5        (f)     Gemtek Technology Co., Ltd.'s Answer to Plaintiff's

6    Complaint, **Exhibit H**.

7        16.    On January 31, 2013, or no later than the next business day, notice of

8    this removal is being given to both Plaintiff and to the Clerk of the Orange County

9    Superior Court, in compliance with 28 U.S.C. § 1446(d). True and correct copies

10   of these notices are attached hereto as **Exhibits I** and **J**, respectively. The proof of

11   service of the Notice to Adverse Party of Removal will be filed with this Court

12   immediately after the Notice is served on Plaintiff and the Superior Court filing is

13   accomplished.

14       17.    Accompanying this Notice of Removal are a Civil Cover Sheet and a

15   check in the amount of $325.00 for the required filing fee.

16       WHEREFORE, Gemtek removes this action from the Superior Court of the

17   State of California for the County of Orange to the United States District Court for

18   the Central District of California.

19

20   DATED: January 31, 2013    HODEL BRIGGS WINTER LLP

21       KARLA J. KRAFT
    ASHLEY E. MERLO

22

23       By:         /s/ Karla J. Kraft
                   KARLA J. KRAFT

24       Attorneys for Defendant

25       GEMTEK TECHNOLOGY CO., LTD.

26

27

28

7835740 v01

4

# EXHIBIT A



TEMECULA • PHONE CA 92018
MAIN: 949-409-2516
VIZIO.COM

October 5, 2012

Email:   Howard@gemtek.com.tw
         Spaak_wen@gemtek.com.tw
         Ava_peng@gemtek.com.tw

**Gemtek Technology Co., Ltd.**
Attn:    Howard Chen, CEO and President
No.15-1 Zhonghua Road,
Hsinchu Industrial Park
Hukou, Hsinchu, Taiwan, 30352

Re:     **Notice Concerning XWH200 Epidemic Failures**

Dear Mr. Chen,

**Introduction:** This notice is sent pursuant to the Supply Agreement ("Supply Agreement"), entered into between VIZIO, Inc. ("VIZIO") and Gemtek Technology Co., Ltd. ("Gemtek" or "Supplier"). As you are aware, there were serious, unresolved problems regarding one of the Products you supplied to VIZIO; namely, the wireless HDMI XWH200 ("wHDMI") units, which VIZIO was forced to recall from Costco at VIZIO's time and expense. Inasmuch as no satisfactory resolution seems imminent, this letter must issue. (Capitalized terms have the same meaning as in the Supply Agreement.)

**Background:** Gemtek was asked to manufacture wHDMI units for VIZIO. These units were designed to provide wireless HDMI capability between HDMI-enabled devices. In the third quarter 2011 timeframe Gemtek shipped approximately 8,004 wHDMI units with "MP1" code in it. Unfortunately, bugs were discovered in the wHDMI units (for instance, certain HDMI connected TV's would unintentionally turn on). Gemtek worked on resolving the issues and developed "MP2" code which failed to undergo proper quality assurance testing by Gemtek.

The next batch of wHDMI units shipped by Gemtek in the months of August and September 2011 contained MP2 code. These units were distributed to over 400 Costco retail locations for sale to end users. This batch of wHDMI units suffered an audio failure which resulted in televisions failing to receive an audio signal from the wHDMI units from many common HDMI devices (e.g., DISH, DirectTV, TiVo Premiere XL, and PS3 in 3D mode). VIZIO Support worked with end users to troubleshoot the problem but ultimately there was no workaround as the problem was with the wHDMI units that Gemtek produced. During the months of September, October, and November 2011 Gemtek worked to remediate the issue but the issue still persisted.



ENTERTAINMENT FREEDOM FOR ALL



Gemtek discovered that the MP2 build environment used by and controlled by Gemtek was different than that which was used for MP1. Accordingly, the MP2 source code that was compiled resulted in different binaries which proximately caused the audio failure in the 15,120 wHDMI units that contained the MP2 code.

Not surprisingly, the wHDMI units with the MP2 code in it experienced much higher (in excess of 21%) rates of return by end users compared with the rates of return to the wHDMI units with the MP1 code in it. The rates of return were at such an elevated level that Costco required a recall of the wHDMI units. These units also received numerous negative reviews on various websites.

Pursuant to conversations between VIZIO and Gemtek, it was determined that an Epidemic Failure occurred and that there would be a 100% recall of the wHDMI units from Costco. Approximately 11,721 wHDMI units were recalled from over 400 Costco retail locations at VIZIO's time and expense.

As of December 2011, VIZIO paid to Gemtek a total of $3,397,464 for all the wHDMI units. Due to the recall of the affected units, Costco has deducted $1,520,274 from VIZIO.

The sales of the wHDMI units with defects and high return rates have seriously damaged, and continue to damage, VIZIO, VIZIO's brand, and credibility with both its channel customers and end users. As a consequence, VIZIO has suffered lost sales opportunities resulting in lost revenue and lost profits.

**Breach of Supply Agreement:** Due to the high rates of return by VIZIO's customer (and their end users) due to compatibility issues with other HDMI devices, Gemtek is in material breach of the Supply Agreement including, but not limited to, various provisions of Section 7 including those relating to Manufacturer's Warranty and Epidemic Failure. Gemtek is also in breach for failure to comply and/or timely and successfully execute against affirmative obligations to resolve an Epidemic Failure once it occurred.

**Notice of Interim Actions:** Effective as of the date of this letter and until further notice, please be advised that:

- VIZIO rejected wHDMI units as non-conforming.
- Any and all Forecasts (including previously issued) for the wHDMI units are hereby rescinded and of no further force and effect.
- Any future Sales by VIZIO of wHDMI units shall be subject to 100% quality testing before shipment to a VIZIO customer; all such testing expense to be



ENTERTAINMENT FREEDOM FOR ALL



borne by Gemtek.

- If and to the extent a VIZIO customer rejects and returns the wHDMI units to VIZIO, VIZIO will simultaneously reject and return title of said wHDMI units to Gemtek with concurrent and corresponding financial adjustments including any customer chargebacks or assessments.

Due to Gemtek's quality assurance failures, inability to determine root-cause in a timely and effective manner, resulting delays, and excessive return rates, the wHDMI units lacked credibility with VIZIO's customer and its end users. But for Gemtek's actions, inactions and failings in connection with the wHDMI units including the material and continuing breaches of the Supply Agreement, especially those relating to Epidemic Failure, Gemtek would not be facing the challenges it does today. More important, VIZIO sustained significant damages proximately caused by Gemtek's breach and all the foregoing issues. VIZIO hereby reserves all rights.

**Resolution:** Nevertheless, VIZIO has continued to work in good faith with Gemtek to discuss and explore mutually acceptable courses of action to resolve the serious Epidemic Failure issue and the breach of the Supply Agreement in a way that does no further damage to VIZIO as well as mitigating damages already sustained by VIZIO. For instance, VIZIO has continued to offer to assist Gemtek to deplete remaining inventory of Wireless Routers and Skype Cameras through various channels.

However, Gemtek continues to refuse to take responsibility and accountability for the wHDMI Epidemic Failure which caused a 100% recall of the wHDMI units. Additionally, there remains outstanding monies owed related to wireless routers and Skype cameras.

Accordingly, pursuant to the attached spreadsheet (Exhibit "A") VIZIO demands that Gemtek pay to VIZIO the amount of $732,148.10 in outstanding monies that Gemtek owes to VIZIO. Furthermore, Gemtek agrees that if any Products are returned to VIZIO from its customers that standard deductions will continue pursuant to the Supply Agreement.

**Please remit payment to VIZIO by October 8, 2012**. If payment is not received by that date VIZIO will enforce its rights under the Supply Agreement.

Sincerely,

Dennis L. Yeoh, Esq.
Senior Counsel
VIZIO, Inc.



Page **3** of **3**

**GEMTEK OWES VIZIO**

| | GEMTEK REPORTED | VIZIO AGREES? | VIZIO ACCOUNTING ACTUAL | DIFFERENCE | PRODUCT | ITEM | In Gemtek | In Jas | In Alorica | In ETC | Total qty | U/P | GEMTEK REPORTED | VIZIO OFFER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Service return (units returned by Costco) | ($1,855,312.20) | Yes | ($1,855,312.20) | $0.00 | WHDMI | Returned units | 14343 | 203 | | 12 | 14558 | $147.00 | $2,140,026.00 | |
| | | | | | | Finished goods | | | | | 0 | $147.00 | $323,988.00 | $0.00 |
| Gemtek buy back for service | ($36,750.00) | Yes | ($36,750.00) | $0.00 | | Raw materials | | | | | | | $174,629.00 | |
| TOTAL | ($1,892,062.20) | | ($1,892,062.20) | $0.00 | Wireless Router | Returned units | 6517 | 3651 | | 266 | 10434 | $42.00 | $438,228.00 | $81,510.00 |
| | | | | | | Raw materials | | | | | | | $214,001.00 | $214,001.00 |
| | | | | | Skype Camera | Finished goods | | 60 | | | 421 | $54.00 | $22,734.00 | $22,734.00 |
| | | | | | | Raw materials | | | | | | | $23,709.00 | $23,709.00 |
| | | | | | | TOTAL | | | | | | | $3,337,315.00 | $341,954.00 |
| | | | | | | | | | | | | | | $58,046.00 |
| | | | | | | | | | | | | | | $400,000.00 |

**VIZIO OWES GEMTEK**

| | GEMTEK REPORTED | VIZIO AGREES? | VIZIO ACCOUNTING ACTUAL | DIFFERENCE |
|---|---|---|---|---|
| Gemtek's invoice to Vizio | $633,781.50 | No | $625,078.50 | $8,703.00 |
| SK B-grade routers | $75,000.00 | Yes | $75,000.00 | $0.00 |
| Vizio short pay to Gemtek | $59,835.60 | No | $0.00 | $59,835.60 |
| TOTAL | $768,617.10 | | $700,078.50 | $68,538.50 |

| | | |
|---|---|---|
| GEMTEK OWES VIZIO | ($1,123,445.10) | ($1,191,983.70) |
| VIZIO OFFER | $400,000.00 | $400,000.00 |
| DIFFERENCE | ($723,445.10) | ($732,148.10) |

# EXHIBIT B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Enoch H. Liang (State Bar No. 212324) James M. Lee (State Bar No. 192301) Lee Tran & Liang, APLC 601 S. Figueroa Street, Suite 4025 Los Angeles, CA 90017 TELEPHONE NO.: (213) 612-3737   FAX NO. *(Optional):* (213) 612-3773 E-MAIL ADDRESS *(Optional):* enoch.liang@ltlattorneys.com ATTORNEY FOR *(Name):* Plaintiff Vizio, Inc. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Vizio, Inc.

DEFENDANT/RESPONDENT: Gemtek Technology Co., Ltd.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 30-2012-00603856 |
|---|---|

TO *(insert name of party being served):* Gemtek Technology Co., Ltd.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 31, 2012

Enoch H. Liang
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]   A copy of the summons and of the complaint.
2. [✓]   Other *(specify):*
     Civil Case Cover Sheet; ADR Information Package; CJC Scheduling Chart; Expedited Jury Trial Handout; Administrative Order 11/05 re: Electronic Filing; Notice re: Bookmarking of Exhibits for E-filing Handout

*(To be completed by recipient):*

Date this form is signed:   January 16, 2013

Robert P. Alpert, on behalf of
Gemtek Technology Co., Ltd.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ Counsel for Gemtek Technology Co., Ltd.
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# EXHIBIT C

LEE TRAN & LIANG APLC
  James M. Lee (Bar No. 192301)
  Enoch H. Liang (Bar No. 212324)
601 S. Figueroa Street, Suite 4025
Los Angeles, CA  90017
Telephone:  213-612-3737
Facsimile:  213-612-3773

Attorneys for Plaintiff
VIZIO, Inc.

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
10/09/2012 at 02:41:59 PM
Clerk of the Superior Court
By Fidel Ibarra,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| VIZIO, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GEMTEK TECHNOLOGY CO., LTD., a Taiwan corporation; and DOES 1 to 10, | **CASE NO:**  30-2012-00603856-CU-BC-CJC<br><br>**COMPLAINT**<br><br>(1)  BREACH OF CONTRACT<br><br>(2)  BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>(3)  UNJUST ENRICHMENT<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge Ronald L. Bauer |

COMPLAINT

Plaintiff VIZIO, Inc. ("Plaintiff" or "VIZIO") alleges as follows:

### Nature of the Action

1.  Plaintiff VIZIO and defendant Gemtek Technology Co., Ltd. ("Gemtek") entered into a Supply Agreement ("Agreement") whereby Gemtek was to manufacture and supply VIZIO with electronics products.  In the Agreement, Gemtek agreed to meet VIZIO's quality assurance requirements and specification and to supply only products that were free from defects.

2.  Among the products that Gemtek supplied to VIZIO under the Agreement were wireless HDMI devices (the "Gemtek Devices").  These devices are a type of consumer electronic product intended to wirelessly transmit video and audio signals, such as in a user's home theatre system.  The Gemtek Devices were defective in that they failed to transmit an audio signal—they produced picture but no sound.

3.  VIZIO demanded a refund per the Agreement, but Gemtek has refused to give VIZIO its money back.

4.  As a result, VIZIO has initiated this suit for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.  VIZIO seeks judgment against Gemtek for compensatory damages and restitution according to proof, as well as VIZIO's costs of suit, interest, and attorneys' fees.

### The Parties

5.  VIZIO is a California corporation whose principal place of business in Irvine, California.  It sells consumer electronics.

6.  Upon information and belief, defendant Gemtek Technology Co., Ltd. ("Gemtek") is a corporation organized under the laws of Taiwan, R.O.C., whose principal place of business is Hsinchu, Taiwan.  Gemtek is a manufacturer and supplier of electronics products.

COMPLAINT

7.    The identities of DOE defendants 1 to 10 are not known to VIZIO at this time. VIZIO will seek leave of this Court to amend this Complaint when the identities of these Doe defendants become known.  VIZIO is informed and believes, and on that basis alleges, that each of the Doe defendants is liable in whole or in part for the wrongful acts alleged in this Complaint.

8.    Upon information and belief, at all relevant times herein alleged, each of the Doe defendants conspired with, acted in concert with, and aided and abetted Gemtek to commit the wrongs against VIZIO.  In doing so, at all relevant times, each of the Doe defendants was the agent, servant, employee, principal, joint venturer, alter ego, and/or partner of Gemtek.  VIZIO further alleges on information and belief that in performing the actions alleged in this Complaint, each Doe defendant was acting within the scope of actual or apparent authority conferred upon that defendant by consent, approval, and/or ratification of Gemtek.

9.    Gemtek and DOES 1 to 10 are collectively referred to in this Complaint as "Defendants."

**Jurisdiction and Venue**

10.    This Court has jurisdiction, and venue here is proper, because, among other things, VIZIO is a resident of California and this county; defendant Gemtek is a foreign corporation that has not designated a principal office in California; the contract at issue in this action specifies that it is to be interpreted according to the laws of California, and that all disputes arising out of or relating to the contract shall be subject to the sole and exclusive jurisdiction of the state and federal courts of this county; defendant Gemtek directed actions toward VIZIO in this county; the claims and injuries that are the subject of this action occurred in this county and are related to Gemtek's contacts with VIZIO in this county; on information and belief, Gemtek advertises and sells its services to residents of California and this county.

COMPLAINT

## General Allegations

11.  In approximately November 2009, VIZIO and Gemtek signed a written Supply Agreement (the "Agreement").

12.  The Agreement was accepted and ratified by both parties, and was a binding contract.

13.  Pursuant to the terms of the Agreement, Gemtek was to manufacture products and supply them to VIZIO.  In the Agreement, Gemtek acknowledged that product quality is one of the foundational elements of VIZIO's value to its customers.

14. As such, Gemtek agreed to conduct quality assurance testing and to notify VIZIO of "any material circumstances relating to the quality of production of its Products which is out of the ordinary, as soon as possible after its occurrence or its knowledge of its occurrence or pending occurrence."

15. Further, Gemtek provided a warranty regarding the quality of the products it was to provide.  Specifically, the products were to conform to applicable specifications and be free from defects in materials, workmanship and design.  If there was a quality issue, Gemtek would provide VIZIO with advance written notice of potential defects.

16. Gemtek took full responsibility for defects in products it supplied to VIZIO. Gemtek agreed that its shipment of products to VIZIO would constitute certification that the products complied with the warranties in the Agreement, and that products not meeting the warranty would not be released for shipment to VIZIO.

17. The parties agreed that should product defects exceed VIZIO's quality level, VIZIO would have the right during the warranty period to return non-conforming products and receive a refund of the money VIZIO paid for the non-conforming products as well as any associated costs.

18. Pursuant to the Agreement, Gemtek supplied VIZIO with the Gemtek Devices. VIZIO, in turn, sold the Gemtek Devices to retailers, who in turn, sold the Gemtek Devices to end users.

COMPLAINT

19. Starting in August 2011, the Gemtek Devices were distributed for sale to end users. The Gemtek Devices suffered an audio failure which resulted in televisions failing to receive an audio signal from the wHDMI units from many common HDMI devices. Although VIZIO support worked with end users to troubleshoot the problem, it was ultimately determined that there was no workaround. During the months of September, October, and November 2011 Gemtek worked to remediate the issue but the Defect still persisted with the Gemtek Devices.

20. Not surprisingly, the Gemtek Devices experienced significant rates of return from end users. The rates of return were at such an elevated level that the retailer required VIZIO to recall the Gemtek Devices. These units also received numerous negative reviews on various websites. This Defect exceeded VIZIO's quality assurance level.

21. On information and belief, Gemtek failed to conduct adequate quality assurance or other testing as required.

22. VIZIO made a written demand for a refund, pursuant to the Agreement.

23. Gemtek has refused to refund VIZIO's money or otherwise compensate VIZIO for damages it has suffered and costs it has incurred as a direct result of Gemtek having supplied VIZIO with the defective Devices.

### First Cause of Action

Breach of Contract

Against All Defendants

24. VIZIO realleges the allegations in the preceding paragraphs as if fully set forth herein.

25. The Agreement constituted a written agreement between Gemtek and VIZIO.

26. The Agreement was a binding contract.

27. VIZIO has performed all or substantially all of its obligations, covenants, and promises under the Agreement, or was excused from doing so.

28. All conditions required for Gemtek's performance under the Agreement had occurred.

COMPLAINT

29. Gemtek unfairly interfered with VIZIO's right to receive the benefits of the Agreement.

30. Gemtek was obligated to supply Gemtek Devices to VIZIO that complied with the quality assurances and warranties set forth in the Agreement, and the applicable product specifications referenced therein.

31. Gemtek breached the Agreement by supplying VIZIO with Gemtek Devices that were not free from defects in materials, workmanship, and design; not in good working order; not fit for the purpose for which they were intended or specified; did not conform to the applicable specifications; did not conform to the applicable quality requirements; and/or were not of a quality reasonably acceptable to VIZIO.

32. Gemtek's breach proximately caused monetary injury and/or other damages to VIZIO in an amount according to proof.

### Second Cause of Action

Breach of Implied Covenant of Good Faith and Fair Dealing

Against All Defendants

33. VIZIO realleges the allegations in the preceding paragraphs as if fully set forth herein.

34. Every contract contains an implied covenant of good faith and fair dealing whereby each party will do nothing that would prevent that other from receiving the benefits of the contract.

35. The Agreement between VIZIO and Gemtek contained such an implied covenant of good faith and fair dealing.

36. Gemtek breached the implied covenant of good faith and fair dealing.

37. Gemtek failed to conduct adequate testing of the Gemtek Devices.

38. Gemtek supplied VIZIO with defective Gemtek Devices.

39. Gemtek accepted funds from VIZIO for the Gemtek Devices.

40. As a result of Gemtek's failure to meet the warranties in the Agreement, VIZIO has incurred substantial and reasonable costs.

COMPLAINT

41. Gemtek has retained VIZIO's payments, refusing to reimburse VIZIO for the costs associated with Gemtek's breach.

42. As a direct and proximate result of the breaches by Gemtek of the implied covenant of good faith and fair dealing, VIZIO has incurred costs in an amount according to proof.

### Third Cause of Action

Unjust Enrichment

Against All Defendants

43. VIZIO realleges the allegations in the preceding paragraphs as if fully set forth herein.

44. VIZIO paid Gemtek for the Gemtek Devices.

45. The funds VIZIO paid Gemtek are a benefit to Gemtek.

46. The benefits received by Gemtek were and are at VIZIO's expense.

47. It would be unjust for Gemtek to retain these benefits.

48. As a result of Gemtek's wrongful acts, VIZIO has directly and proximately suffered monetary injury and/or other damages in an amount according to proof, and is entitled to restitution of such amount, plus interest.

### Request for Relief

**WHEREFORE**, Plaintiff VIZIO prays that this Court enter preliminary and final judgments, orders, and decrees in VIZIO's favor and against Defendants, and each of them, jointly and severally, as follows:

1.   For damages in an amount according to proof;

2.   For costs of the suit incurred therein;

3.   For attorneys' fees; and

4.   For such other relief as the Court deems proper.

COMPLAINT

Dated:  October 9, 2012

Respectfully submitted,

LEE TRAN & LIANG APLC

By: _____

James M. Lee
Attorneys for Plaintiff VIZIO, Inc.

COMPLAINT

- 7 -

# EXHIBIT D

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GEMTEK TECHNOLOGY CO., LTD., a Taiwan corporation; and
DOES 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VIZIO, INC., a California corporation

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/09/2012** at 02:41:59 PM
Clerk of the Superior Court
By Fidel Ibarra,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Central Justice Center

700 Civic Center Drive West
Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso)* 30-2012-00603856-CU-BC-CJC

Judge Ronald L. Bauer

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Enoch H. Liang, 601 S. Figueroa Street, Suite 4025, LA, CA 90017, Tel: (213) 612-3737

DATE: 10/09/2012
*(Fecha)*
ALAN CARLSON, Clerk of the Court

Clerk, by *(Secretario)*   Fidel Ibarra   , Deputy *(Adjunto)*

Fidel Ibarra

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT E

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James M. Lee (CA Bar No. 192301)<br>Enoch H. Liang (CA Bar No. 212324)<br>Lee Tran & Liang, APLC<br>601 S. Figueroa Street, Suite 4025, Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 612-3737   FAX NO.: (213) 612-3773<br>ATTORNEY FOR *(Name):* Plaintiff Vizio, Inc. | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**10/09/2012** at 02:41:59 PM<br>Clerk of the Superior Court<br>By Fidel Ibarra,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Vizio, Inc. v. Gemtek Technology Co, LTD.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2012-00603856-CU-BC-CJC |
| | | | JUDGE: | Judge Ronald L. Bauer |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
✓ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 3 - breach of contract; breach of implied covenant; unjust enrichment
5. This case ☐ is   ✓ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 9, 2012

James M. Lee
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

# EXHIBIT F

# SUPERIOR COURT OF CALIFORNIA

## ORANGE

**700 W. Civic Center DRIVE**

**Santa Ana , CA 92702**

**(657) 622-6878**

**www.occourts.org**

## NOTICE OF CASE ASSIGNMENT

Case Number: **30-2012-00603856-CU-BC-CJC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon.<br>    Ronald L. Bauer | **Central Justice Center** | | **(657) 622-6878** |
| Hearing: | Date: | Time: | |

| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon. | | | |

[ x ] ADR Information attached.

# SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Individual courtroom information and the items listed below may be found at: www.occourts.org.

Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings.

**Ex Parte Matters**

Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing.

**Noticed Motions**

* The following local Orange County Superior Court rules are listed for your convenience:
    - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.
    - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)
* All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.
* Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet.

**Other Information**

Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.

All fees and papers must be filed in the Clerk's Office of the Court Location address listed above.

Date:  10/10/2012

Fidel Ibarra Jr _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

V3 INIT 100 (June 2004)

# EXHIBIT G

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  751 W. Santa Ana Blvd<br>MAILING ADDRESS: P.O. Box 22028<br>CITY AND ZIP CODE: Santa Ana 92702<br>BRANCH NAME:  Civil Complex Center | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br><br>Nov 16, 2012<br><br>ALAN CARLSON, Clerk of the Court<br>By: Cecilia Pedraza Deputy |
| PLANTIFF:Vizio, Inc. | |
| DEFENDANT:Gemtek Technology Co., LTD. | |
| Short Title: Vizio, Inc. vs. Gemtek Technology Co., LTD. | |

| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2012-00603856-CU-BC-CJC |
|---|---|

Please take notice that a(n),  <u>Case Management Conference</u>   has been scheduled for hearing on <u>02/20/2013</u> at <u>08:30:00 AM</u> in Department <u>CX103</u>  of this court, located at  <u>Civil Complex Center</u> .

Clerk of the Court,  By: _____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE

Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana 92702

**SHORT TITLE:** Vizio, Inc. vs. Gemtek Technology Co., LTD.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>30-2012-00603856-CU-BC-CJC |
| --- | --- |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 11/16/2012. The mailing occurred at Sacramento, California on 11/19/2012.

Clerk of the Court, by: _____ , Deputy

LEE TRAN & LIANG, APLC
601 S FIGUEROA STREET  # 4025
LOS ANGELES, CA 90017

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

Code of Civil Procedure , § CCP1013(a)

# EXHIBIT H

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/30/2013** at 02:35:00 PM

Clerk of the Superior Court
By Eleanor Sutter, Deputy Clerk

1  HODEL BRIGGS WINTER LLP
   KARLA J. KRAFT (SB# 205530)
2  Email: kkraft@hbwllp.com
   ASHLEY E. MERLO (SB# 247997)
3  Email: amerlo@hbwllp.com
   8105 Irvine Center Drive, Suite 1400
4  Irvine, California 92618
   Telephone: (949) 450-8040
5  Facsimile: (949) 450-8033

6  Attorneys for Defendant
   GEMTEK TECHNOLOGY CO., LTD.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ORANGE

10

11 | VIZIO, INC., a California corporation,    | CASE NO. 30-2012-00603856-CU-BC-CJC

12 |                  Plaintiff,               | Assigned for all purposes to
                                              | The Hon. Ronald Bauer, Dept. CX-103
13 |            vs.

14 | GEMTEK TECHNOLOGY CO.,                    | **DEFENDANT GEMTEK
   | LTD., a Taiwan corporation; and           | TECHNOLOGY CO., LTD.'S ANSWER
15 | DOES 1 to 10,                             | TO VIZIO, INC.'S COMPLAINT**

16 |                  Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GEMTEK'S ANSWER TO PLAINTIFF'S COMPLAINT

1     Defendant Gemtek Technology Co., Ltd. ("Defendant") hereby answers, on

2  behalf of itself and no other defendant, the unverified Complaint of plaintiff Vizio, Inc.,

3  ("Plaintiff"), as follows:

## GENERAL DENIAL

5     Pursuant to California Code of Civil Procedure section 431.30(d),

6  Defendant denies each and every allegation of the Complaint.  Defendant specifically

7  denies that it breached any agreement with Plaintiff, that it has been unjustly enriched, or

8  that it has breached any implied covenant of good faith and fair dealing.  Gemtek further

9  denies that it is responsible in any way for any damages or losses that Plaintiff allegedly

10  has sustained or will sustain.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Cause of Action)

13     1.     Plaintiff's purported breach of contract claim should be dismissed because it

14  fails to state facts sufficient to constitute a cause of action against Defendant.

15     2.     Plaintiff's purported breach of the implied covenant of good faith and fair

16  dealing should be dismissed because it fails to state facts sufficient to constitute a cause of

17  action against Defendant.

18     3.     Plaintiff's purported unjust enrichment claim should be dismissed because it

19  fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Estoppel)

22     4.     Defendant is informed and believes and on that basis alleges that Plaintiff,

23  by its action or inaction, is estopped from asserting the purported causes of action in the

24  Complaint, and is further estopped from recovering the alleged damages or losses

25  thereunder, if any.

26  ///

27  ///

28  ///

-2-

DEFENDANT GEMTEK'S ANSWER TO PLAINTIFF'S COMPLAINT

7825599 v05

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Offset)

5.     If Plaintiff is entitled to recover against Defendant for any damages alleged in the Complaint, any such recovery against Defendant must be offset to the extent any amounts are owed by Plaintiff to Defendant.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Waiver)

6.     Defendant is informed and believes and on that basis alleges that Plaintiff is barred by the doctrine of waiver from asserting the causes of action in the Complaint, and each of them, and is further barred by the doctrine of waiver from recovering the alleged damages or losses thereunder, if any.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Release)

7.     Defendant is informed and believes and on that basis alleges that Plaintiff is barred by release from asserting the causes of action in the Complaint, and each of them, and is further barred by the release from recovering the alleged damages or losses thereunder, if any.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Accord and Satisfaction)

8.     Defendant is informed and believes and on that basis alleges that Plaintiff is barred by the doctrine of accord and satisfaction from asserting the causes of action in the Complaint, and each of them, and is further barred by the doctrine of accord and satisfaction from recovering the alleged damages or losses thereunder, if any.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Satisfy Conditions Precedent)

9.     Defendant is informed and believes and on that basis alleges that Plaintiff is barred from asserting the causes of action in the Complaint, and each of them, and is

1    further barred from recovering the alleged damages or losses thereunder, if any, because

2    Plaintiff has failed to satisfy one or more conditions precedent.

3              **EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

4                         **(Ratification)**

5         10.    Defendant is informed and believes and on that basis alleges that Plaintiff is

6    barred from asserting each and all its causes of action in the Complaint because Plaintiff

7    ratified Defendant's conduct.

8              **NINTH SEPARATE AND ADDITIONAL DEFENSE**

9                          **(Consent)**

10        11.    Defendant is informed and believes and on that basis alleges that Plaintiff is

11   barred from asserting each and all its causes of action in the Complaint, and each of them,

12   and is further barred from recovering the alleged damages or losses thereunder, if any,

13   because Plaintiff and/or its agents have at all times given their consent, express or implied,

14   to any acts, omissions, representations, and courses of conduct of Defendant as alleged in

15   the Complaint.

16             **TENTH SEPARATE AND ADDITIONAL DEFENSE**

17                          **(Laches)**

18        12.    Defendant is informed and believes and on that basis alleges that Plaintiff

19   unreasonably delayed in bringing its alleged claims against Defendant and that such delay

20   prejudiced Defendant, and thus Plaintiff is barred by the doctrine of laches from asserting

21   the causes of action in the Complaint, and each of them, and is further barred by the

22   doctrine of laches from recovering the alleged damages or losses thereunder, if any.

23             **ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

24                        **(Unclean Hands)**

25        13.    Defendant is informed and believes and on that basis alleges that Plaintiff is

26   barred by the doctrine of unclean hands from asserting the causes of action in the

27   Complaint, and each of them, and is further barred by the doctrine of unclean hands from

28   recovering the alleged damages or losses thereunder, if any.

7825599 v05

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (Knowledge and/or Conduct of Plaintiff)

14.     Defendant is informed and believes and on that basis alleges that the causes of action in the Complaint, and each of them, are barred by the knowledge, acts, omissions and/or conduct of Plaintiff or Plaintiff's agents.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Full Performance)

15.     Defendant is informed and believes and on that basis alleges that Defendant has fully performed any and all contractual, statutory and equitable duties that it may have owed to Plaintiff arising out of any agreements made by or on behalf of Defendant, except for those duties that are excused from performance.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Performance Excused by Prior Breach)

16.     Defendant is informed and believes and on that basis alleges that to the extent Plaintiff alleges that Defendant has any obligation to which full performance has not been rendered or excused, such claims are without merit due to Plaintiff's prior breach of the contract.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Indemnity/Contribution)

17.     Defendant is informed and believes and on that basis alleges that, if it is established that Defendant is responsible for any part of the damages allegedly suffered by Plaintiff, Defendant is entitled to total or partial indemnity and/or contribution from Plaintiff and/or third parties.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Conduct of Others)

18.     Defendant is informed and believes and on that basis alleges that the injuries and damages, if any, sustained by Plaintiff were proximately caused by the acts, errors, omissions and/or negligence of persons and entities other than Defendant.   In the event

-5-

7825599 v05

1  that any judgment or recovery is had against Defendant by Plaintiff, Defendant is entitled

2  to an apportionment of any such judgment or recovery in accordance with the fault and

3  legal responsibility of all parties, persons, and entities that contributed to and /or caused

4  Plaintiff's injuries.

**SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to Mitigate)**

7       19.     Defendant is informed and believes and on that basis alleges that Plaintiff

8  failed and/or neglected to use reasonable care to mitigate the alleged damages or losses

9  suffered by Plaintiff, if any, and thus is barred from recovering, in whole or in part,

10  against Defendant.

**EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Bar by Contract's Express Terms)**

13       20.     Plaintiff's purported breach of contract claim is barred by the contract's

14  express terms because Plaintiff's alleged damages or losses were not caused by Gemtek

15  but by design and/or materials required by Plaintiff.

**NINETEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to Give Notice)**

18       21.     Defendant is informed and believes and on that basis alleges that Plaintiff is

19  barred from asserting the causes of action in the Complaint, and each of them, and is

20  further barred from recovering the alleged damages or losses thereunder, if any, because

21  Plaintiff has failed to give proper and timely notice.

**TWENTIETH SEPARATE AND ADDITIONAL DEFENSE**

**(Lack of Consideration)**

24       22.     Defendant is informed and believes and on that basis alleges that the causes

25  of action in the Complaint, and each of them, are barred because there was no valid

26  consideration given to Defendant by Plaintiff for the alleged promises it seeks to enforce.

27  ///

28

-6-

DEFENDANT GEMTEK'S ANSWER TO PLAINTIFF'S COMPLAINT

1

2

### TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

#### (Bar to Attorney's Fees and Costs)

3       23.     Defendant is informed and believes and on that basis alleges that Plaintiff's

4  claims for attorneys' fees and costs are barred because they are derivative of Plaintiff's

5  other failed causes of action.

6

### TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

#### (Right to Assert Additional Defenses)

7

8       24.     Certain separate and additional defenses, to the entire Complaint or to

9  individual causes of action therein, may be available to Defendant; however, these

10  separate and additional defenses require discovery before they can be properly alleged.

11  Defendant will move to amend its answer, if necessary, to allege such separate and

12  additional defenses after they are ascertained by Defendant or according to proof at trial.

13

### PRAYER FOR RELIEF

14       WHEREFORE, Defendant prays for relief as follows:

15       1.      That Plaintiff takes nothing by its Complaint;

16       2.      That the Complaint be dismissed with prejudice, and that judgment be

17  entered in favor of Defendant and against Plaintiff herein;

18       3.      That Defendant be awarded its reasonable attorneys' fees under any

19  agreement or any statute that so provides;

20       4.      That Defendant be awarded its costs of suit herein; and

21       5.      That Defendant be awarded such other and further relief as the Court deems

22  just and proper.

23  DATED:  January _30_, 2013          HODEL BRIGGS WINTER LLP

24

25                                      By: _____

26                                              KARLA J. KRAFT

27                                      Attorneys for Defendant
                                        GEMTEK TECHNOLOGY CO., LTD

28

-7-

7825599 v05

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                                ) ss:
COUNTY OF ORANGE            )

      I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is Hodel Briggs Winter LLP, 8105 Irvine Center Drive, Suite 1400, Irvine, CA 92618.

      On **January 30, 2013,** I served the foregoing document(s) described as: **DEFENDANT GEMTEK TECHNOLOGY CO., LTD.'S ANSWER TO VIZIO, INC.'S COMPLAINT** on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

> James M. Lee
> Enoch H. Liang
> Lee Tran & Liang APLC
> 601 S. Figueroa Street, Suite 4025
> Los Angeles, CA 90017
> Telephone: (213) 612-3737
> Facsimile: (213) 612-3773

☒    **VIA ELECTRONIC SERVICE – ONELEGAL:**  I caused the above-entitled document(s) to be served through OneLegal addressed to all parties appearing on the OneLegal electronic service list for the above-entitled case.  The file transmission was reported as completed and a copy of the "OneLegal Filing Receipt" page(s) will be maintained with the original document(s) in our office.

☒    **BY MAIL:**  I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Hodel Briggs Winter LLP for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    **STATE:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **August 3, 2011,** at Irvine, California.

                                    _____
                                    Susan Song

# EXHIBIT I

1   KARLA J. KRAFT (SB# 205530)
    Email: kkraft@hbwllp.com
2   ASHLEY E. MERLO (SB# 247997)
    Email: amerlo@hbwllp.com
3   HODEL BRIGGS WINTER LLP
    8105 Irvine Center Drive, Suite 1400
4   Irvine, California 92618
    Telephone: (949) 450-8040
5   Facsimile: (949) 450-8033

6   Tim T. Xia* *(Motion for pro hac vice forthcoming)*
    Georgia Bar No. 779609
7   Email: txia@mmmlaw.com
    Robert P. Alpert* *(Motion for pro hac vice forthcoming)*
8   Georgia Bar No. 464550
    Email: ralpert@mmmlaw.com
9   Shannon A. McNulty* *(Motion for pro hac vice forthcoming)*
    Georgia Bar No. 463103
10  Email: smcnulty@mmmlaw.com
    MORRIS, MANNING & MARTIN, LLP
11  1600 Atlanta Financial Center
    3343 Peachtree Road, N.E.
12  Atlanta, Georgia 30326
    Telephone: (404) 233-7000
13  Facsimile: (404) 365-9532

14  Attorneys for Defendant
    GEMTEK TECHNOLOGY
15  CO., LTD.

16

17                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

18              COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

19

20  VIZIO, INC., a California corporation,     CASE NO. 30-2012-00603856-CU-BC-
                                               CJC
            Plaintiff,
21                                             **NOTICE OF ACTION OF REMOVAL
    v.                                         TO THE UNITED STATES DISTRICT
22                                             COURT FOR THE CENTRAL
                                               DISTRICT OF CALIFORNIA**
23  GEMTEK TECHNOLOGY CO., LTD.,
    a Taiwan corporation; and DOES 1 to
24  10,

            Defendants.
25

26

27

28

─────────────────────────────────────────────
                    NOTICE OF ACTION OF REMOVAL

1   TO:   Clerk of the Superior Court

2         Central Justice Center

3         700 Civic Center Drive West

4         Santa Ana, CA 92701

5

6         Pursuant to 28 U.S.C. § 1446(d), you are hereby notified that defendant Gemtek

7   Technology Co., Ltd. has removed this action to the United States District Court for the

8   Central District of California.  A copy of the Notice of Removal is attached hereto as

9   Exhibit A.

10  DATED: January ___, 2013          HODEL BRIGGS WINTER LLP
                                      KARLA J. KRAFT
11                                    ASHLEY E. MERLO

12
                                      By: _____
13                                                KARLA J. KRAFT

14                                    Attorneys for Defendant
                                      GEMTEK TECHNOLOGY CO., LTD.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

NOTICE OF ACTION OF REMOVAL

# EXHIBIT J

1  KARLA J. KRAFT (SB# 205530)
   Email: kkraft@hbwllp.com
2  ASHLEY MERLO (SB# 247997)
   Email: amerlo@hbwllp.com
3  HODEL BRIGGS WINTER LLP
   8105 Irvine Center Drive, Suite 1400
4  Irvine, California 92618
   Telephone: (949) 450-8040
5  Facsimile: (949) 450-8033

6  Tim T. Xia* *(Motion for pro hac vice forthcoming)*
   Georgia Bar No. 779609
7  Email: txia@mmmlaw.com
   Robert P. Alpert* *(Motion for pro hac vice forthcoming)*
8  Georgia Bar No. 464550
   Email: ralpert@mmmlaw.com
9  Shannon A. McNulty* *(Motion for pro hac vice forthcoming)*
   Georgia Bar No. 463103
10 Email: smcnulty@mmmlaw.com
   MORRIS, MANNING & MARTIN, LLP
11 1600 Atlanta Financial Center
   3343 Peachtree Road, N.E.
12 Atlanta, Georgia 30326
   Telephone: (404) 233-7000
13 Facsimile: (404) 365-9532

14 Attorneys for Defendant
   GEMTEK TECHNOLOGY
15 CO., LTD.

16

17                SUPERIOR COURT OF THE STATE OF CALIFORNIA

18           COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

19

20 VIZIO, INC., a California corporation,        CASE NO. 30-2012-00603856-CU-BC-
                                                 CJC
          Plaintiff,
21                                               **NOTICE TO ADVERSE PARTY OF
   v.                                            REMOVAL OF CIVIL ACTION TO
22                                               UNITED STATES DISTRICT COURT
   GEMTEK TECHNOLOGY CO., LTD.,                   PURSUANT TO 28 U.S.C. §§ 1332(d)
23 a Taiwan corporation; and DOES 1 to           AND 1441(b) (DIVERSITY)**
   10,
24
          Defendants.
25

26

27

28

───────────────────────────────────────────────
NOTICE TO ADVERSE PARTY OF REMOVAL

1    TO PLAINTIFF VIZIO, INC. AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in

3    the United States District Court for the Central District of California on January 31, 2013.

4    A copy of said Notice of Removal and supporting exhibits are attached to this Notice, and

5    are served and filed herewith.

6    DATED: January ___, 2013        HODEL BRIGGS WINTER LLP
                                      KARLA J. KRAFT
7                                     ASHLEY E. MERLO

8
                                      By: _____
9                                           KARLA J. KRAFT

10                                    Attorneys for Defendant
                                      GEMTEK TECHNOLOGY CO., LTD.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV13- 160 JST (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.