UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIZIO, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GEMTEK TECHNOLOGY CO., LTD., a Taiwan corporation; and DOES 1 to 10,<br><br>Defendants.<br><br>AND ALL RELATED ACTIONS. | CASE NO.: SACV13-160 JST (RNBx)<br>_____<br><br>**DISCOVERY MATTER**<br><br>**[AMENDED PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>[Amended Stipulation for Protective Order Filed Concurrently Herewith] |

197002

1

## [PROPOSED] ORDER

This matter having come before the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for the entry of a Protective Order governing the disclosure of documents and information pertaining to proprietary and/or confidential matters, it appears to the Court that entry of this Order is appropriate, and supported by good cause.

THEREFORE, IT IS ORDERED:

1. PURPOSES AND LIMITATIONS

The Parties are engaged in certain discovery proceedings in the Litigation, which may include, among other things, taking depositions, responding to interrogatories and requests for admissions, and producing documents (whether in electronic or paper form), things and other information and materials.  These discovery proceedings may involve the production of certain information that the Parties believe to be confidential and sensitive commercial, financial or business information for which special protection from public disclosure and from use for any purpose other than prosecuting the Litigation may be warranted.

Accordingly, it is hereby stipulated and agreed by and among the attorneys for the Parties, subject to entry by the Court, that the following Stipulated Order (hereinafter, "Protective Order" or "Order") shall govern the handling of all documents, depositions, deposition exhibits, responses to interrogatories and requests for admission, and any other information or material produced, given or exchanged by and among the Parties and any non-parties to this Litigation in connection with discovery in the Litigation (such information or material hereinafter referred to as "Discovery Material").

The Parties acknowledge that this Order does not confer blanket protections on all Discovery Material and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The Parties further acknowledge, as set forth in Section 12.3 below, that this Protective Order does not entitle them to file confidential information under seal; the Federal Rules of Civil Procedure and the Local Rules of this District, including Civil Local Rule 79-5, set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

    2.1 <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2 <u>"CONFIDENTIAL" Information or Items</u>:  Documents, information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including but not limited to, confidential personal information, financial information, business information or other sensitive commercial information that is not publically available.  Public records and other information or documents that are publicly available may not be designated as Confidential Information.

    2.3 <u>Counsel (without qualifier)</u>:  Outside Counsel of Record (as well as their support staff).

    2.4 <u>Designating Party</u>:   a Party or Non-Party that designates information or items that it produces in this Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    2.5 <u>Discovery Material</u>:  All documents, depositions, deposition exhibits, responses to interrogatories and requests for admission, and any other information or material (regardless of the medium or manner in which it is generated, stored, or maintained) produced, given or exchanged by and among the Parties and any Non-party to this Litigation in connection with discovery in the Litigation.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7 <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: Documents, information (regardless of how generated, stored or maintained) or tangible things that contain trade secrets or other highly sensitive competitive or highly sensitive confidential information the disclosure of which is reasonably likely to result in demonstrable harm to the Designating Party, such as financial information relating to costs, unpublished pricing information, unpublished plans to buy or sell a business or business unit, and the like.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record</u>: Attorneys, along with their legal, paralegal, secretarial, clerical and other support staff, who are not employees of a Party to this action but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of a Party.

2.10 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium)

and their employees and subcontractors.

2.13   Protected Material:  any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.14   Receiving Party:  a Party that receives Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, this Order shall not be construed to cause any counsel to produce, return, and/or destroy their own attorney work product, or the work-product of their co-counsel.

However, the protections conferred by this Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the

completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Notwithstanding the preceding sentence, should a Producing Party discover that it produced Discovery Material that was not designated as Protected Material or that it produced Discovery Material designated in the incorrect category of Protected Material, the Producing Party may notify all Receiving Parties, in writing, of the error and identify (by bates number or other individually identifiable information) the affected documents or items and their new designation or re-designation. Thereafter, the material so designated or re-designated will be treated as Protected Material. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials. Inadvertent production of any document or information without the appropriate confidentiality designation shall be governed by Rule 502 of the Federal Rules of Evidence.

Designation in conformity with this Order requires:

(a) <u>for documents (apart from transcripts of depositions or other pretrial or trial proceedings)</u>, that the Producing Party affix the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on each page that contains protected material.

       (b)    <u>for testimony given in deposition</u>, that a Party, or a Non-party that sponsors, offers, gives, or elicits the testimony, designate any portion of the testimony as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," either on the record before the deposition is concluded, or in writing on or before the later of (i) thirty (30) days after the final transcript is received or (ii) the date by which any review by the witness and corrections to the transcript are to be completed under Fed. R. Civ. P. 30(e).  The entire testimony shall be deemed to have been designated "Highly Confidential" until the time within which the transcript may be designated has elapsed.  If testimony is not designated within the prescribed time period, then such testimony shall not be deemed "Confidential" or "Highly Confidential" except as ordered by the Court.

       Transcripts containing testimony designated "Confidential" or "Highly Confidential" shall have the following notation on the cover page: NOTE: THIS DEPOSITION IS SUBJECT TO PROTECTIVE ORDER and contain a copy of the Party's or Non-Party's designations as part of the official transcript.  Any reproductions of a transcript or portion of a transcript containing designated information shall be appropriately labeled.

       (c)    <u>for information produced in electronic or video format, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers or in any electronic repository or electronic document in which the information or item is stored the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", as appropriate, in addition to the information or tangible items themselves.

       5.2    <u>Inadvertent Failures to Designate</u>.  If corrected, an inadvertent failure to designate Discovery Material or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such

material. If Discovery Material is re-designated as "Confidential" or "Highly Confidential" after such material is initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that such material is treated in accordance with the provisions of this Order.

        5.3    <u>No Presumption</u>. Notwithstanding anything contained herein to the contrary, the designation of a document as "Confidential" or "Highly Confidential" under this Order shall not create any presumption with regard to the actual confidentiality of any document, nor shall it affect the burden of proof necessary for establishing the confidentiality of any document in any subsequent proceeding to enforce this Order. Furthermore, no provision of this Order is intended to limit the right of any Party or attorney for any party from seeking to modify the terms of this Order at any time in the future or from seeking relief from the restrictions imposed by this Order concerning particular Protected Material.

    6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

        6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

        6.2    <u>Meet and Confer</u>. Before filing any motions regarding or objections to a confidentiality designation, the Parties shall strictly comply with the pre-filing conference of counsel requirements contained in Local Rule 37-1.

        6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality in strict compliance with Local Rule 37-2 (including the Joint Stipulation requirement). Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in Section 6.2 of the Order. Failure by the Designating Party to make such a motion shall automatically waive the confidentiality

designation for each challenged designation.

In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be made in strict compliance with Local Rule 37-2 (including the Joint Stipulation requirement) and accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by Section 6.2 of the Order.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation, and not for any other business, commercial or other purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

    7.2   Protection of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

 (a) <u>Counsel.</u>  The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Litigation;

 (b) <u>Court.</u>  The court and its personnel;

 (c) <u>Parties.</u>  Current or former the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Litigation, who have agreed to bound by this Protective Order, and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as "**Exhibit A**";

 (d) <u>Experts.</u>  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation, who have agreed to bound by this Protective Order, and who have signed "**Exhibit A**";

 (e) <u>Court Reporters and Recorders and Vendors.</u>  Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation, who have agreed to bound by this Protective Order, and who have signed "**Exhibit A**";

 (f) <u>Others.</u>  1) The author, addressees, or recipients of the document, or 2) any other natural person who would have likely reviewed such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document, and who agrees to be bound by the terms of this Protective Order, and has signed "**Exhibit A**";

 (g) <u>Witnesses.</u>  Deposition witnesses, but only during their depositions or in preparation for their noticed depositions, and only if they have agreed to be bound by this Protective Order and have signed "**Exhibit A.**"

7.3 <u>Protection of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) <u>Counsel.</u> The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Litigation;

(b) <u>Court.</u> The court and its personnel;

(c) <u>Experts.</u> Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation, who have agreed to bound by this Protective Order, and who have signed "**Exhibit A**";

(d) <u>Court Reporters and Recorders and Vendors.</u> Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation, who have agreed to bound by this Protective Order, and who have signed "**Exhibit A**";

(e) <u>Others.</u> 1) The author, addressees, or recipients of the document, or 2) any other natural person who would have likely reviewed such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document, and who agrees to be bound by the terms of this Protective Order, and has signed "**Exhibit A.**"

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with discovery requests, a subpoena or a court order issued in other litigation that would compel disclosure of any Protected Material, the Receiving Party must:

(a) promptly notify the Designating Party in writing. Such

notification shall include a copy of the discovery requests, subpoena or court order;

  (b) promptly notify the person who caused the discovery requests, subpoena or order to issue in the other litigation that some or all of the material covered by the requests, subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

  (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the discovery requests, subpoena or order issued. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

  Nothing in this Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action or other directive from another court.

  9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

  (a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

  (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1. promptly notify in writing the Requesting Party and the

Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2. promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3. make the information requested available for inspection by the Non-Party.

  (c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[2] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

  10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent production of any Discovery Material constituting or containing attorney-client privileged information, attorney work product or other privileged information shall be governed by Rule 26 of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Highly Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

## 13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4 of this Order, each Receiving Party must return or destroy all Protected Material to the Producing Party, unless it has been offered into evidence or filed without restriction as to disclosures. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other

format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, within 65 days after Final Disposition, the Receiving Party must certify in writing to the Producing Party (and, if not the same person or entity, to the Designating Party) that all Protected Material has been returned or destroyed. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, and all attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 of this Order. In addition, counsel may retain attorney work product, including an index which refers or relates to Protected Material, so long as that work product does not duplicate verbatim substantial portions of the text or images of the Protected Material. This work product shall remain subject to this Protective Order.

14. <u>ATTORNEY RENDERING ADVICE.</u>

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to Protected Material in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Order.

15. <u>DISPOSITIVE MOTION HEARINGS AND TRIAL.</u>

The terms of this Order shall govern in all circumstances except for presentations of evidence and argument at hearings on dispositive motions and at trial. The Parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings.
///

16. <u>PERSONS BOUND</u>.  This Stipulated Order shall be binding upon the Parties, the attorneys for each party and upon any recipient of Protected Material and upon any successor, executor, personal representative, administrator, heir, legal representative, assign, subsidiaries, division, employee, agent, independent contractor, or other person or legal entity over which any party or attorney or recipient of Protected Material may have control.

**IT IS SO ORDERED.**

DATED: <u>June 20, 2013</u>    _____
The Honorable Robert N. Block
Magistrate Judge, United State District Court

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on June __, 2013, in the case of <u>Vizio, Inc. v. Gemtek Technology Co., Ltd.</u>, United States District Court, Central District of California, case no. SACV13-160 JST (RNBx).  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
        [printed name]

Signature:_____
        [signature]

197002

17

[AMENDED PROPOSED] STIPULATED PROTECTIVE ORDER